Filed 7/21/21  P. v. Carachure CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059817 |
| v. | (Super. Ct. No. 13CF2054) |
| ARMANDO ANDRES CARACHURE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Generally, a person convicted of murder under the felony-murder rule or the natural and probable consequences doctrine may petition the trial court to vacate his or her murder conviction. (Pen. Code, § 1170.95.)[1] In 2015, a jury convicted defendant Armando Andres Carachure of first degree murder, related crimes, and enhancements.

In 2020, Carachure filed a section 1170.95 petition. The trial court denied the petition because the record showed Carachure was not convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. Carachure filed a notice of appeal from that order and this court appointed appellate counsel.

Counsel filed a "*Wende* brief" identifying no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Carachure filed a supplemental brief.

We affirm the trial court's order.


I

FACTS AND PROCEDURAL BACKGROUND

We provide the following "brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110.) The underlying facts are derived from this court's unpublished opinion in Carachure's initial appeal. (*People v. Carachure* (Oct. 14, 2016, G051613) [nonpub. opn.].)

On February 21, 2013, Carachure was identified as one of two or three young men who were chasing Fidel Guarjardo in a park. Two of the men eventually caught Guarjardo and stabbed him in the back 16 times. Guarjardo bled to death. Shortly thereafter, Carachure was seen with a fellow gang member. Carachure had a knife in his hands, and blood on his hands, clothes, and shoes.

---

[1] Further undesignated statutory references are to the Penal Code.

The prosecution filed an information charging Carachure with murder and with being an active member of a criminal street gang.  The prosecution alleged as a "special circumstance," that defendant committed the murder as an active gang member to further the activities of the gang.  The prosecution further alleged:  Carachure committed the murder for the benefit of, at the direction of, or in furtherance of the gang; he personally used a dangerous weapon; and he had two prison priors.

A jury found Carachure guilty of murder in the first degree and being an active gang member.  The jury found true the gang special circumstance and the gang enhancement.  The jury did not find true the allegation Carachure had personally used a knife.  The trial court found true the prison priors.  The trial court imposed a life sentence without the possibility of parole.  This court affirmed the judgment on appeal.

*Section 1170.95 Petition*

On May 31, 2019, Carachure filed a section 1170.95 petition for dismissal of the murder conviction and resentencing.  Carachure requested counsel.

On July 22, 2019, the prosecution filed a response.  The prosecution argued the authorizing legislation for section 1170.95 was unconstitutional.  (Sen. Bill No. 1437 (2017-2018 Reg. Sess.).)  The prosecution also argued the jury's true finding on the gang special circumstance precluded relief.  (§ 190.2, subd. (a)(22).)  The prosecution included a copy of the special circumstance jury instruction, which required the jury to find Carachure "intentionally killed Fidel Guarjardo."

On November 19, 2019, Carachure (now represented by counsel) filed a reply to the prosecution's response.

On December 18, 2020, the prosecution filed a supplemental brief.  The prosecution conceded the trial court was bound by recent published decisions finding Senate Bill No. 1437 to be constitutional.  The prosecution also reiterated their previous

3

argument: "As a matter of law, based on the jury instructions given and findings at verdict, the jury found that [Carachure] had an intent to kill."

On December 4, 2020, the trial court conducted a hearing on Carachure's petition. The court announced a tentative ruling: "when you have a situation like this where the defendant was an active participant in a criminal street gang as alleged in 190.2(a)(22), they are ineligible for relief because that circumstance requires the defendant intentionally killed the victim." After hearing oral argument, the court denied the section 1170.95 petition.

Carachure filed an appeal. Appointed counsel filed brief identifying no arguable issues. Carachure filed a supplemental brief on his own behalf.


II

DISCUSSION

In this discussion we will: A) state the general procedures for *Wende* review; B) outline the recent statutory changes concerning liability for murder; and C) summarize Carachure's contentions and the reasons why they fail.


A. *General Procedures for* Wende *Review*

When appointed counsel is unable to identify any arguable issues on appeal, a court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

4

When appointed counsel files a *Wende* brief, the appellant has the right to file a supplemental brief. (*Wende*, *supra*, 25 Cal.3d at p. 440.) When "the defendant has filed supplemental contentions" and the judgment is affirmed on appeal "the appellate court necessarily must have considered and rejected those contentions." (*People v. Kelly* (2006) 40 Cal.4th 106, 120.) In these situations, the "opinion must reflect the contentions and the reasons that they fail." (*Ibid.*) However, a "decision does not require an extended discussion of legal principles. [Citations.] Moreover, a recitation of each of the defendant's assertions will not be necessary in all cases; the purposes of the constitutional requirement [for a written decision] may in some circumstances be satisfied by a summary description of the contentions made and the reasons they fail." (*Id.* at p. 121.)

Although not required by law, an appellate court may conduct a *Wende* review when a defendant appeals from a denial of a section 1170.95 petition. (See, e.g., *People v. Flores* (2020) 54 Cal.App.5th 266, 269.)

### B. Statutory Changes Concerning Murder Liability

A person may be convicted of crimes as a direct perpetrator, or as an aider and abettor. (§ 31.) An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); an aider and abettor can also be held liable for any crimes that were unintentional but were reasonably foreseeable (nontarget offenses). (*People v. Laster* (1997) 52 Cal.App.4th 1450, 1463.) Aider and abettor liability for intentional crimes is known as "direct" aider and abettor liability; aider and abettor liability for unintentional crimes is known as the ""'natural and probable consequences" doctrine.'" (*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

A participant in an underlying felony may also be held liable for murder under the felony-murder rule. Under the former first degree felony-murder rule, a participant could be convicted of murder if the victim was killed during the commission of a predicate felony. (See *People v. Cruz* (2020) 46 Cal.App.5th 740, 759-760.) Under

5

the former second degree felony-murder rule, a participant could be convicted of murder if the victim was killed during the commission of a nonpredicate felony that is inherently dangerous to human life. (*In re White* (2019) 34 Cal.App.5th 933, 937, fn. 2.)

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 "amended sections 188 and 189 and created new section 1170.95. The amendments to sections 188 and 189 together change the felony murder rules and the 'natural and probable consequences theory' when convicting a participant in a felony for murder, but who did not actually kill the victim." (*In re White*, *supra*, 34 Cal.App.5th at p. 937, fn. 2.) Eligible persons can petition to dismiss their prior murder convictions and be resentenced if they were convicted under an accomplice liability theory of murder that is no longer valid (the natural and probable consequences doctrine and the former felony-murder rules). (§ 1170.95.)

A person is not eligible for relief under section 1170.95 if he or she was convicted under a theory of direct aider and abettor liability. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137 ["Because one can be convicted of murder . . . if he or she directly aided and abetted the perpetrator of the murder, defendant was required to make a prima facie showing that he was not such a direct aider and abettor"].)

*C. Application and Analysis*

A trial court properly denies a section 1170.95 petition if the jury made a true finding on a special circumstance that renders the defendant ineligible for relief. (See, e.g., *People v. Allison* (2020) 55 Cal.App.5th 449, 457-458 [defendant's admission

6

of felony-murder special circumstance rendered him ineligible for relief under section 1170.95]; *People v. Nunez* (2020) 57 Cal.App.5th 78, 90-91 [defendant's kidnapping special circumstance rendered him ineligible for relief under section 1170.95 because the jury necessarily found defendant participated in the kidnapping with the intent to kill the victim, or that defendant was a major participant in the underlying felony].)

Here, the jury made a true finding as to the gang special circumstance, which required a finding that Carachure "intentionally killed Fidel Guarjardo." (§ 190.2, subd. (a)(22).) The jury did not find Carachure to be an aider and abettor under the natural and probable consequences doctrine or the felony-murder rule. Thus, Carachure is ineligible for relief under section 1170.95 as a matter of law.

Nevertheless, Carachure contends the jury must have relied on the natural and probable consequences doctrine to convict him of murder. Not so.

As we noted in the direct appeal: "The jury's finding that defendant committed first degree premeditated murder necessarily means that it did not rely on the natural and probable consequences theory. That is, the jury had to find that defendant *intended to kill* with premeditation or deliberation; not that defendant intended to commit one of the target crimes with premeditation and deliberation. Indeed, the prosecutor in closing argument reinforced the trial court's instructions and explicitly told the jury that it could only find defendant guilty of first degree premeditated murder as a direct perpetrator or a direct aider and abettor, but not as an aider and abettor under the natural and probable consequences theory." (*People v. Carachure*, *supra*, G051613.)

Carachure also contends: "The victim was stabbed to death, 16 times with a knife, but the jury found that I never used a knife in the commission of the crime. This alone should make me [eligible] to have my [section] 1170.95 petition granted per SB 1437." Again, not so.

As we noted in the direct appeal, "nothing in the trial court's instructions allowed the jury to set the degree of murder at first degree based on anyone's

7

premeditation and deliberation other than defendant's own premeditation and deliberation. Therefore, if the jury relied on an aiding and abetting theory—and it appears it did based on its 'not true' finding on the personal use of the knife allegation—it could only be as a direct aider and abettor. That is, the jury must have concluded that [Carachure] directly aided and abetted [the actual killer] in the murder of Guarjardo and *[Carachure] himself* did so with premeditation and deliberation." (*People v. Carachure*, *supra*, G051613.)

Finally, Carachure contends the trial court "did not review or address the constitutionality issue raised in the People's opposition brief filed on July 22, 2019." But prior to the hearing on the section 1170.95 petition, the prosecution had recognized binding precedent establishing the constitutionality of Senate Bill No. 1437. Thus, it was not necessary for the court to have addressed the constitutionality issue.

In sum, we agree with appointed counsel's analysis and have similarly found no arguable issues. We further find Carachure's contentions to be without merit.

III

DISPOSITION

The trial court's order denying the section 1170.95 petition is affirmed.

MOORE, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

FYBEL, J.

8